# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 19-2167; Leilonni Davis v. TMC Restaurant of Charlotte, LLC |
| **Originating No. & Caption** | 3:18-cv-00313; Davis et al. v. TMC Rest. of Charlotte, LLC |
| **Originating Court/Agency** | Western District of North Carolina |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 9 U.S.C. s 16(a) | | |
| Time allowed for filing in Court of Appeals | 30 Days | | |
| Date of entry of order or judgment appealed | Sept. 18, 2019 | | |
| Date notice of appeal or petition for review filed | Oct. 17, 2019 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ○ Yes | ◉ No |
| If appeal is not from final judgment, why is order appealable? | | | |
| The W.D.N.C. entered an order denying Appellant's Motion to Dismiss or Stay in Favor of Arbitration. 16 U.S.C. s. 16(a)(1)(A) makes a denial of a Motion to Stay in Favor of Arbitration appealable on an interlocutory basis. | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ◉ Yes | ○ No |

11/21/2016 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This is a wage and hour suit under federal and state law.  Davis was a tipped employee, a server, who worked for TMC Restaurant of Charlotte, LLC ("TMC").  Plaintiff alleges that she was required to participate in an improper tip pool, was uncompensated for pre- and/or postliminary activites, and that her tax information returns, IRS Form W-2's, were not accurate.

Defendant denies all these claims.

As to the present appeal, TMC claims it has an enforceable arbitration agreement with Davis.  The agreement was distributed to all employees and it was explained to all employees that continued employment with TMC was conditioned on agreeing to arbitration.  Davis continued to work at TMC.  TMC has been unable to supply a signed arbitration agreement with Davis and Davis denies recieving an arbitration agreement or agreeing to the same.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Where an arbitration agreement specifies rules which delegate threshhold questions of arbitrability to the arbitrator, including issues related to formation of the arbitration agreement, and provides that the arbitrator determines his/her own jurisdiction, does the Court or an arbitrator determine whether an agreement to arbitrate was formed? To TMC's knowlege, this is an issue of first impression in the Fourth Circuit.<br><br>2. Is TMC entitled to a trial by jury on the issue of whether a valid arbitration agreement was formed?<br><br>TMC further notes that Ashley Safrit and Lauren Wilson are not parties to this appeal. They each had signed arbitration agreements with TMC and have filed their claims in arbitration. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Leilonni Davis | Adverse Party: |
| Attorney: Philip J. Gibbons Jr.<br>Address: 14045 Ballantyne Corporate Place, Ste 325<br>Charlotte, NC 28277 | Attorney:<br>Address: |
| E-mail: phil@gibbonsleis.com | E-mail: |
| Phone: 704-612-0038 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: TMC Restaurant of Charlotte, LLC d/b/a The Men's Club<br>Attorney: Matthew J. Hoffer<br>Address: 3800 Capitol City Blvd, Ste 2<br>          Lansing, MI 48906<br><br>E-mail: Matt@bradshaferlaw.com<br>Phone: 517-886-6560 | Name:<br>Attorney:<br>Address:<br><br><br>E-mail:<br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: |

**Signature:** Matthew J. Hoffer      **Date:** 11/7/2019

**Counsel for:** Appellant

**Certificate of Service**: I certify that on ___11/7/2019___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Signature: Matthew J. Hoffer      Date: 11/7/2019